UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| JESTINE DELORES GREGORY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>NANCY A. BERRYHILL, )<br>Acting Commissioner, Social Security )<br>Administration, )<br>)<br>Defendant. )<br>) | Case No.: 2:17-cv-629 |

## REPORT AND RECOMMENDATION

The Plaintiff Jestine Delores Gregory ("Plaintiff"), sued under Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), seeking judicial review of the final decision of Defendant Nancy A. Berryhill, the Acting Commissioner of the Social Security Administration ("Defendant") denying her application for disability insurance benefits ("DIB") under the Social Security Act. This case was referred to the undersigned United States Magistrate Judge ("the undersigned") pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), Federal Rule of Civil Procedure 72(b), and Eastern District of Virginia Local Civil Rule 72. Defendant moves to dismiss this case because Plaintiff filed this action after the statute of limitations expired. For the following reasons, the undersigned **RECOMMENDS** that Defendant's Motion to Dismiss, ECF No. 7, be **GRANTED** and this case be **DISMISSED WITH PREJUDICE**.

### I. FACTUAL AND PROCEDURAL BACKGROUND

On or about July 10, 2014, Plaintiff filed an application for DIB. ECF No. 8, attach. 1 at 8. This initial application was denied on May 18, 2015 and again upon reconsideration on July

13, 2015. ECF No. 8, attach. 1 at 8. On July 23, 2015, Plaintiff filed a written request for a hearing before an Administrative Law Judge of the Social Security Administration. ECF No. 8, attach. 1 at 8. Such request was granted and a hearing before Administrative Law Judge William T. Vest, Jr. ("the ALJ") was held on February 8, 2017 in Norfolk, Virginia. ECF No. 8, attach. 1 at 8. On May 3, 2017, the ALJ issued a decision finding that Plaintiff was not disabled and denying Plaintiff's claim for benefits. ECF No. 8, attach. 1 at 3. Plaintiff requested review of the ALJ's decision by the Appeals Council for the Office of Disability Adjudication and Review ("the Appeals Council"). ECF No. 8, attach. 1 at 3.

On September 29, 2017, the Appeals Council denied Plaintiff's appeal and sent written notice of this denial to Plaintiff at 710 E 29th Street, Apt B3, Norfolk, VA, 23504.[1] This written notice informed Plaintiff that if she disagreed with the Appeals Council's decision, she would have sixty days after receiving the letter to file a civil action seeking court review. ECF No. 8, attach. 1 at 21. This notice further informed Plaintiff that receipt of the letter was presumed "five days after the date on [the notice]." ECF No. 8, attach. 1 at 21. The notice also stated that if Plaintiff could not file a civil action for court review within sixty days, she could make a written request for an extension of time from the Appeals Council, and that such written request must include the reason why Plaintiff needed an extension. ECF No. 8, attach. 1 at 21 ("If you cannot file for court review within 60 days, you may ask the Appeals Council to extend your time to file. You must have a good reason for waiting more than 60 days to ask for court review. You must make the request in writing and give your reason(s) in the request."). As Plaintiff proceeded pro se, this September 29, 2017 notice was sent only to Plaintiff at the aforementioned address on E 29th Street in Norfolk, Virginia. *See* ECF No. 8, attach. 1 at 19.

Plaintiff initiated the instant action on December 5, 2017 by filing a motion to proceed in

---

[1] Notably, this is the same address Plaintiff provided as her home address in this proceeding. See ECF No. 3 at 1.

2

forma pauperis, ECF No. 1, which was later than the presumptive sixty-five days to which Plaintiff was entitled.[2] ECF No. 1. Plaintiff's Motion was granted on December 12, 2017, ECF No. 2, and her Complaint was filed the same day, ECF No. 3. On February 16, 2018, Defendant filed a Motion to Dismiss for Lack of Jurisdiction on the basis that the Complaint was untimely, as well as a Memorandum of Law in Support and a Roseboro Notice. ECF Nos. 7-9. On March 2, 2018, Plaintiff filed a *pro se* written response, ECF No. 11, which consisted of a chronological recitation of various medical ailments, concluding with "This has really ruin [sic] my life" and attached thirteen pages of various medical records spanning from 2013 through February 2018. As Defendant noted in its Reply, ECF No. 12, filed on March 7, 2018, nothing in Plaintiff's response addressed or could reasonably be construed as addressing any of the arguments asserted in the Motion to Dismiss.

## II. ANALYSIS

The undersigned first considered whether Plaintiff's Complaint was timely filed. The Defendant argued that because Plaintiff's Complaint was filed after the sixty-day timeliness requirement, and the five-day presumptive period, the Complaint should be dismissed. ECF No. 8 at 2-4. As previously noted, Plaintiff's Response did not address the timeliness issue, nor did she submit evidence in an attempt to rebut the five-day presumption. *See* ECF No. 11, passim. Thus, the undersigned concludes that Plaintiff is unable to overcome the strict presumption.

The undersigned next considered whether Plaintiff qualified for equitable tolling of the timeliness requirement. While the Fourth Circuit recognizes the ability for claimants to overcome the timeliness requirement based on a theory of equity, equitable tolling is inappropriate in the instant matter. Plaintiff did not demonstrate that she acted with due diligence, nor show that she faced any extraordinary obstacle to timely filing her Complaint.

---

[2] Sixty days following the presumptive five days from delivery on October 4, 2017 expired on December 4, 2017.

Therefore, Plaintiff does not qualify for equitable tolling of the timeliness requirement.

*A. The Statute of Limitations*

Section 405(g) of Title 42 of the United States Code provides that

> [a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g). Pursuant to the Commissioner's authority under Section 405, the Commissioner promulgated 20 C.F.R. § 422.210(c). Under this regulation, the sixty-day statute of limitations begins to run when the claimant receives notice. 20 C.F.R. § 422.210(c). This notice is essentially a letter mailed to the claimant addressing the Appeals Council's decision. ECF No. 11, Ex. 12. These regulations further provide that the notice ". . . shall be presumed to be [received] 5 days . . ." after the decision of the Appeals Council is issued. 20 C.F.R. § 422.210(c).[3]

The sixty-day timeliness requirement "is a statute of limitations . . . [and as] a condition on the waiver of sovereign immunity[,] . . . must be strictly construed." *Bowen v. City of N.Y.*, 476 U.S. 467, 479 (1986). "The United States, as sovereign, is immune from suit save as it consents to be sued." *United States v. Sherwood*, 312 U.S. 584, 586 (1941). Where the United States Government does not waive its sovereign immunity, no jurisdiction exists. *United States v. Mitchell*, 445 U.S. 535, 538 (1980). The United States has waived its sovereign immunity for social security claimants seeking judicial review of decisions made by ALJs. *See* 20 C.F.R. § 422.210. However, Congress is constitutionally empowered to set forth the procedures and conditions for the judicial review of administrative orders. *Tacoma v. Taxpayers of Tacoma*, 357

---

[3] Rule 6(a) does not apply when a requirement is specified in a regulation. *See Tripp v. Astrue*, 864 F. Supp.2d 120, 122 (D.D.C. May 24, 2012).

4

U.S. 320, 336 (1958). The statute of limitations must be strictly construed, because ". . . when Congress attaches conditions to legislation waiving the sovereign immunity of the United States, those conditions must be strictly observed, and exceptions thereto are not to be lightly implied." *Block v. North Dakota,* 461 U.S. 273, 287 (1983).

A plain reading of the timeliness requirement demonstrates that a claimant must file their civil action within sixty days of receiving notice; and that the notice is presumed to be received five days after the issuance of the Appeals Council's decision. In the present matter, the Appeals Council issued its decision on September 29, 2017. ECF No. 8, attach. 1 at 19-22. Presumptively, Plaintiff received notice by October 4, 2017, and had sixty days from that point to file a civil action before this Court. Plaintiff subsequently initiated the present civil action in this Court on December 5, 2017, one day after the timeliness requirement had expired. ECF No. 1. Therefore, Plaintiff has not met the timeliness requirement.

*B. Rebutting the Five-Day Presumption*

The statute of limitations provides that notice is presumed five days after the decision by the Appeals Council is made. 20 C.F.R. § 422.210(c). However, it is possible for a claimant to overcome that five-day presumption if the claimant demonstrates ". . . a reasonable showing to the contrary." 20 C.F.R. § 422.210(c). A variety of circuit courts have found that a claimant can in fact overcome the presumption. *See McLaughlin v. Astrue,* 443 F.App'x 571, 574 (1st Cir. 2011) (*per curiam*) (" . . . courts have found that the presumption has been rebutted where a claimant can show that the Appeals Council's notice had not been mailed until five days after the date on the notice or that the notice had been mailed to an incorrect address.").

A claimant can rebut the five-day presumption by submitting evidence to the contrary. In *Pettway v. Barnhardt,* the district court found that the presumption was rebutted when the

claimant submitted his sworn affidavit, as well as his counsel's date-stamped letter, indicating that notice was received at least one day after the presumptive period. 233 F.Supp.2d 1354, 1356-58 (S.D. Ala. 2002). The court reasoned that since the claimant's affidavit indicated a date of receipt, and that date matched his counsel's date-stamped letter, the claimant met the burden to overcome the presumption. *Id.* at 1362-64. In another case, the district court concluded that counsel's date-stamped letter was enough to overcome the presumption on its own, since the claimant allegedly suffered from a mental impairment and could not remember receiving the letter. *Phillips v. Astrue*, No. C11-0503-JCC-MAT, at *3 (W.D. Wash. Nov. 29, 2011).[4] In another case, the First Circuit concluded that counsel's date-stamped letter was sufficient, when coupled with the claimant's testimony that she remembered receiving her letter after the five-day presumptive period had lapsed. *McLaughlin*, 443 F.App'x at 574-75. The First Circuit reasoned that a claimant ". . . need not allege a specific date of receipt of the Appeals Council's notice in order to make a reasonable showing that he or she received the notice after the five-day presumptive period had ended." *Id.* at 574. The First Circuit was particularly influenced that the claimant definitively recalled that she received the letter after the five-day presumptive period had lapsed, and could articulate a reason for such recollection.[5] *Id.*

In the instant matter, Plaintiff has offered no evidence that could be construed as rebutting the presumption of delivery. Therefore, Plaintiff has not overcome the five-day presumption.

---

[4] The court was not specific about what evidence had been proffered concerning the mental impairment. However, the court did give weight to the claimant's and attorney's affidavits alleging the mental impairment.

[5] The claimant averred that, since she was anticipating having to appeal when she got the Notice, she would have called her attorney within a few days of receiving the appeal denial, which records established she did two weeks after the presumptive receipt date. *McLaughlin*, 443 F.App'x at 574. Further, the claimant stated that her attorney lived in the same geographic region as her, and therefore the claimant anticipated receiving the letter at the same time as her attorney. *Id.*

*C. Equitable Tolling of the Timeliness Requirement*

The Fourth Circuit recognizes the possibility for the judiciary to use principles of equity to toll the timeliness requirement of Section 205: "equitable tolling of the 60-day requirement is justified 'where consistent with congressional intent and called for by the facts of the case.'" *Hyatt v. Heckler*, 807 F.2d 376, 380 (4th Cir. 1986) (citing *Bowen v. City of New York*, 476 U.S. 467 (1986)). In *Hyatt*, the Fourth Circuit reasoned that since Congress recognized the existence of equitable tolling in the statute, equitable tolling by the judiciary does not violate the judiciary's jurisdictional decree. *Id.* However, "the Fourth Circuit has cautioned . . . that tolling the limitations period 'will rarely be appropriate.'" *Ratliff v. Colvin*, No. 1:11CV284, 2014 WL 1608269, at *2 (M.D.N.C. Apr. 22, 2014) (citing *Hyatt v. Heckler*, 807 F.2d 376, 378 (4th Cir. 1986)).

Equitable tolling is limited to cases where, despite claimant's best efforts, some extraordinary circumstance prevented the claimant from timely filing her complaint, and therefore strict adherence to the timeliness requirement would be inappropriate. "[A] litigant seeking equitable tolling bears the burden of establishing two elements; (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Plaintiff did not satisfy the first element, since she did not pursue her rights diligently. The First Circuit noted that a ". . . lack of diligence bars the application of equitable tolling." *McLaughlin*, 443 F.App'x at 574 (citing *Donahue v. United States*, 634 F.3d 615, 629 (1st Cir. 2011) (finding that a claimant did not pursue his rights diligently when he waited more than six weeks after receiving "deficient" notice to file a civil claim)). Further, United States District Judge James R. Spencer held that a claimant who did not seek an extension of time, either from the agency or the court, was precluded from equitable

7

tolling. *Edmunds v. Colvin*, No. 3:13cv539–JRS, 2014 WL 792022, at *3 (E.D. Va. Feb. 25, 2014) ("In this case, Plaintiff had not requested an extension of the sixty-day deadline as of September 13, 2013. None of Plaintiff's filings with this Court seeks an extension of the sixty-day deadline. In sum, at no point has Plaintiff requested or shown any cause for an extension of the sixty-day deadline. As such, equitable tolling does not apply in this case."). Plaintiff demonstrated a lack of diligence in the present matter by waiting more than sixty days after receiving the Appeals Council Notice to file the instant action. Moreover, Plaintiff demonstrated a lack of diligence by not requesting an extension of time to file the instant civil action from the Appeals Council. As a result, Plaintiff does not satisfy the first element of the equitable tolling doctrine.

Likewise, Plaintiff did not satisfy the second element for equitable tolling, since she has not faced an extraordinary circumstance.[6] In *Hyatt*, the Fourth Circuit granted equitable tolling to the claimants, recognizing that inequities resulted from the agency's unpublished policies. *Hyatt v. Heckler*, 807 F.2d 376, 380-81 (4th Cir. 1986) (holding that the commission's procedural mechanisms "depicted a systematic, unpublished policy that denied benefits [to claimants] in disregard of the law"). Similarly, the Supreme Court held in *Bowen* that when claimants are not aware of their procedural rights, equitable tolling can be sought. 476 U.S. at 480-81 (stating that when ". . . the Government's secretive conduct prevents plaintiffs from knowing of a violation of rights, statutes of limitations have been tolled until such time as plaintiffs had a reasonable opportunity to learn the facts concerning the cause of action."). In the instant matter, Plaintiff made no showing that her procedural or substantive rights were violated by the agency. As a result, Plaintiff did not satisfy the second element.

---

[6] A claimant must satisfy both elements in order to qualify for equitable tolling. Despite its finding that Plaintiff failed to satisfy the first element, the undersigned will nevertheless address the second element.

8

Since Plaintiff did not satisfy either of the elements required under the equitable tolling doctrine, she does not qualify for equitable tolling of the instant timeliness requirement.

## III. RECOMMENDATION

For these reasons, the undersigned **RECOMMENDS** the Defendant's Motion to Dismiss, ECF No. 7, be **GRANTED** and this case be **DISMISSED WITH PREJUDICE.**

## IV. REVIEW PROCEDURE

By receiving a copy of this Report and Recommendation, Plaintiff is notified that:

1. Any party may serve on the other party and file with the Clerk of the Court specific written objections to the above findings and recommendations within fourteen days from the date this Report and Recommendation is mailed to the objecting party, see 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), computed pursuant to Federal Rule of Civil Procedure Rule 6(a) plus three days permitted by Federal Rule of Civil Procedure Rule 6(d). A party may respond to another party's specific written objections within fourteen days after being served with a copy thereof. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

2. A United States District Judge shall make a de novo determination of those portions of this Report and Recommendation or specified findings or recommendations to which objection is made. The parties are further notified that failure to file timely specific written objections to the above findings and recommendations will result in a waiver of the right to appeal from a judgment of this Court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

The Clerk is **DIRECTED** to forward a copy of this Report and Recommendation to *pro se* Plaintiff and counsel of record for Defendant.

/s/ Lawrence R. Leonard
Lawrence R. Leonard
United States Magistrate Judge

Norfolk, Virginia
March 26, 2018