UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

FILED
MAY 14 2018
CLERK, US DISTRICT COURT
NORFOLK, VA

JESTINE DELORES GREGORY,

    Plaintiff,

v.

NANCY A. BERRYHILL,
Acting Commissioner,
Social Security Administration,

    Defendant.

Civil No. 2:17cv629

## FINAL ORDER

Plaintiff Jestine Delores Gregory ("Plaintiff") brings this action under 42 U.S.C. § 405(g) seeking judicial review of the final decision of the Social Security Commissioner ("the Commissioner") to deny her claim for disability insurance benefits ("DIB") under the Social Security Act. Pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C), Federal Rule of Civil Procedure 72(b), and the Local Rules, this matter was referred to a United States Magistrate Judge for a Report and Recommendation ("R&R"). ECF No. 10.

In the R&R filed on March 26, 2018, the Magistrate Judge concluded that Plaintiff had failed to timely file her Complaint and that equitable tolling of the timeliness requirement was not warranted. ECF No. 13 at 3–4. Accordingly, the Magistrate Judge recommended granting the Commissioner's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) (ECF No. 7) and dismissing the case with prejudice. *Id.* at 9.

By copy of the Report, each party was advised of the right to file written objections to the findings and recommendations made by the Magistrate Judge. *Id.* The Court has received

1

Plaintiff's timely objection to the Magistrate Judge's R&R (ECF No. 14), as well as the Commissioner's response to Plaintiff's objection (ECF No. 16).

I.  LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 72(b)(3), the Court reviews *de novo* any part of a magistrate judge's recommendation to which a party has properly objected. *See also Wimmer v. Cook*, 774 F.2d 68, 73 (4th Cir. 1985) ("[A]ny individual findings of fact or recommendations for disposition by [the magistrate judge], if objected to, are subject to final *de novo* determination . . . by a district judge . . . .").

A court reviewing a decision made in accordance with the Social Security Act must determine whether the factual findings are supported by substantial evidence and were reached through application of the correct legal standard. *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Accordingly, if the Commissioner's denial of benefits is supported by substantial evidence and was reached by applying the correct legal standard, the Court must affirm the Commissioner's final decision. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990).

"Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; [i]t consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Craig*, 76 F.3d at 589 (citations omitted). In reviewing for substantial evidence, this Court does not reweigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the Commissioner. *Id.* The Commissioner's findings as to any fact, if supported by substantial evidence, are conclusive and must be affirmed. *Richardson v. Perales*, 402 U.S. 389, 390 (1971).

II.  BACKGROUND

As recounted in the R&R, Ms. Gregory filed an application for DIB on July 10, 2014. ECF No. 13 at 1. Ms. Gregory's application was denied on May 18, 2015; again upon

reconsideration on July 13, 2015; and by the Administrative Law Judge ("ALJ") on May 3, 2017. *Id.* at 1–2.

Following the filing of Ms. Gregory's Complaint, the Commissioner moved to dismiss the Complaint for lack of jurisdiction. The Commissioner contended that because Ms. Gregory had failed to file her Complaint within the sixty-day period after receiving the notice to file a civil action seeking court review, the Court lacked jurisdiction over the case pursuant to Federal Rule of Civil Procedure 12(b)(1). *See* ECF Nos. 7, 8; *see also* ECF No. 13 at 2–3.

As reviewed above, the Magistrate Judge's R&R recommended that the Commissioner's Motion to Dismiss be granted because Ms. Gregory filed her Complaint after the sixty-day window pursuant to 41 U.S.C. § 405(g) had expired. The Magistrate Judge also noted that Ms. Gregory had failed to submit evidence rebutting the five-day presumptive period—that is, the period after the date on the notice, during which it is presumed that the applicant has received the notice. ECF No. 13 at 4–6.

The Magistrate Judge also found that Ms. Gregory had failed to demonstrate that she had pursued her rights diligently and that some extraordinary circumstance presented an obstacle to her pursuit of her rights. The Magistrate Judge concluded that equitable tolling was not warranted. *Id.* at 7–9 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Ms. Gregory filed her objection to the R&R on April 6, 2018. ECF No. 14. The Commissioner filed a response on April 17, 2018. ECF No. 16.

Ms. Gregory's objection requests a hearing "on [her] behalf because of new information on [her] case." *See* ECF No. 14. Ms. Gregory attaches a letter from a treating physician dated April 5, 2018, which states that the physician has been seeing Ms. Gregory since the beginning of 2017 to address chronic issues, including lumbar spinal stenosis and chronic foot pain. ECF

No. 14-1 at 1. The April 5, 2018 letter also includes a medical report from July 20, 2015. *Id.* at 2. Ms. Gregory also attaches a record of a medical examination from March 23, 2018. *Id.* at 4. Ms. Gregory appears to assert that, based on this new evidence, the R&R should be rejected and the matter should be remanded to the Social Security Administration for reconsideration. She presents no other information regarding the Magistrate Judge's findings.

III. ANALYSIS

42 U.S.C. § 405(g) provides for two forms of remand to the Social Security Administration, only one of which is based on new evidence:

> The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing . . . . The court . . . may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding . . . .

The decision in *Babcock v. Commissioner of Social Sec.*, No. 3:10cv431, 2011 WL 2899169, at *6 (E.D. Va. July 18, 2011) further notes that:

> A district court reviewing an ALJ's decision cannot consider evidence outside the record in front of the ALJ. *Smith v. Chater,* 99 F.3d 635, 638 n.5 (4th Cir. 1996). A district court can order evidence presented to the Commissioner on remand if (1) the evidence is relevant to the determination of disability at the time the application was filed, (2) the evidence is material to the extent that the Commissioner's decision might reasonably have been different had the new evidence been before him, (3) there is good cause for the claimant's failure to submit the evidence when the claim was before the Commissioner, and (4) the claimant makes a general showing of the new evidence to the reviewing court. 42 U.S.C. § 405(g); *Borders v. Heckler,* 777 F.2d 954, 955 (4th Cir.1985)[; *see also*] *Miller v. Barnhart,* 64 Fed. App'x 858, 859–60 (4th Cir. 2003).

The burden of showing that these factors are met rests with the claimant. *Keith v. Astrue*, No. 4:11cv37, 2012 WL 2425658, at *2 (W.D. Va. June 22, 2012) ("The burden of demonstrating that all of the Sentence Six requirements have been met rests with the plaintiff.").

4

The Court construes Ms. Gregory's submission of additional evidence as a request for a remand of the 2017 decision in light of the additional information provided. However, Ms. Gregory has failed to meet her burden of demonstrating that all four of the remand requirements have been met. The information from March and April 2018 fail to meet the first requirement that it be relevant to the determination of disability *at the time the application was filed*. The information that Ms. Gregory has presented as new evidence of her disability are dated April 5, 2018 (incorporating medical records from July 20, 2015) and March 23, 2018. *See* ECF No. 14-1. Ms. Gregory submitted her application for DIB on July 10, 2014. ECF No. 13 at 1. Her application was denied on May 18, 2015; again upon reconsideration on July 13, 2015; and by the ALJ on May 3, 2017. *Id.* at 1–2. The new information from March and April 2018 does not relate to the determination of disability at the time the application was filed, and therefore cannot serve as the basis for rejecting the R&R and remanding to the Social Security Administration. *See Babcock*, 2011 WL 2899169, at *6 (denying remand based on new evidence because it did not relate to a period before the ALJ's decision).[1]

With respect to the information from July 20, 2015, Ms. Gregory has not made a showing that the information is material and that there is good cause for her failure to incorporate such evidence into the record in a prior proceeding. *See Reichard v. Barnhart*, 285 F. Supp. 2d 728, 733 (S.D.W.V. 2003). Furthermore, even if Ms. Gregory had demonstrated that the new

---

[1] *Babcock*, 2011 WL 2899169, at *6, specifically noted:

> Moreover, [the doctor's report submitted as new evidence] is not "new" as the term is defined in § 405(g). The new evidence must "relate[ ] to the period on or before the date of the administrative law judge hearing decision." 20 C.F.R. § 404.970(b). The evidence need not have existed during that period; rather, the evidence must shed light on the applicant's disability status during the relevant time period. *Reichard v. Barnhart*, 285 F. Supp. 2d 728, 733 (S.D.W. Va. 2003). The ALJ issued his decision on October 1, 2008. [The doctor's] report is dated March 11, 2011. Therefore, the report does not disclose information pertinent to the period before the ALJ's decision.

information meets the requirements for a Sentence Six remand, she has not demonstrated that the submission of the information—whether from July 2015 or this year—addresses the R&R's findings regarding timeliness or rebuts the five-day presumption.

Even if her submission is read broadly as an objection regarding equitable tolling, Ms. Gregory has failed to demonstrate that she diligently pursued her rights or that extraordinary circumstances prevented her from pursuing her rights. *See Pace*, 544 U.S. at 418. The United States Court of Appeals for the Fourth Circuit has not held that health impairments alone are sufficient to warrant equitable tolling. Rather, "the § 405(g) limitations period has been tolled *only* in cases of some administrative malfunction that hinders a claimant's ability to pursue his rights." *Shellman v. Colvin*, No. 2:14cv382, 2015 WL 721621, at *1 (E.D. Va. Feb. 18, 2015) (internal citations omitted). Furthermore, even if the statute of limitations could be tolled based on Ms. Gregory's medical challenges, courts within this District have concluded that such issues "are insufficient to warrant such tolling" where the plaintiff has not alleged that he or she suffered from the exacerbation of his or her symptoms during the sixty-day limitations period or has not "alleged how such impairments prevented [the plaintiff] from timely filing a complaint with this Court." *Id.* Ms. Gregory has alleged neither.

If Ms. Gregory believes that the new information submitted demonstrates that her condition has worsened to the point that she qualifies for a finding of a disability as to the period after the administrative decision, Ms. Gregory is encouraged to file a new application for benefits. 20 C.F.R. § 416.330(b) provides: "If [an applicant] first meet[s] all the requirements for eligibility after the period for which [the] application was in effect, [the applicant] must file a new application for benefits." *See also Horne v. Berryhill*, No. 1:15cv902, 2017 WL 1155053, at *1 (D.S.C. March 27, 2017) (regarding new evidence presented by a claimant that related to

information meets the requirements for a Sentence Six remand, she has not demonstrated that the submission of the information—whether from July 2015 or this year—addresses the R&R's findings regarding timeliness or rebuts the five-day presumption.

Even if her submission is read broadly as an objection regarding equitable tolling, Ms. Gregory has failed to demonstrate that she diligently pursued her rights or that extraordinary circumstances prevented her from pursuing her rights. *See Pace*, 544 U.S. at 418. The United States Court of Appeals for the Fourth Circuit has not held that health impairments alone are sufficient to warrant equitable tolling. Rather, "the § 405(g) limitations period has been tolled *only* in cases of some administrative malfunction that hinders a claimant's ability to pursue his rights." *Shellman v. Colvin*, No. 2:14cv382, 2015 WL 721621, at *1 (E.D. Va. Feb. 18, 2015) (internal citations omitted). Furthermore, even if the statute of limitations could be tolled based on Ms. Gregory's medical challenges, courts within this District have concluded that such issues "are insufficient to warrant such tolling" where the plaintiff has not alleged that he or she suffered from the exacerbation of his or her symptoms during the sixty-day limitations period or has not "alleged how such impairments prevented [the plaintiff] from timely filing a complaint with this Court." *Id.* Ms. Gregory has alleged neither.

If Ms. Gregory believes that the new information submitted demonstrates that her condition has worsened to the point that she qualifies for a finding of a disability as to the period after the administrative decision, Ms. Gregory is encouraged to file a new application for benefits. 20 C.F.R. § 416.330(b) provides: "If [an applicant] first meet[s] all the requirements for eligibility after the period for which [the] application was in effect, [the applicant] must file a new application for benefits." *See also Horne v. Berryhill*, No. 1:15cv902, 2017 WL 1155053, at *1 (D.S.C. March 27, 2017) (regarding new evidence presented by a claimant that related to

information meets the requirements for a Sentence Six remand, she has not demonstrated that the submission of the information—whether from July 2015 or this year—addresses the R&R's findings regarding timeliness or rebuts the five-day presumption.

Even if her submission is read broadly as an objection regarding equitable tolling, Ms. Gregory has failed to demonstrate that she diligently pursued her rights or that extraordinary circumstances prevented her from pursuing her rights. *See Pace*, 544 U.S. at 418. The United States Court of Appeals for the Fourth Circuit has not held that health impairments alone are sufficient to warrant equitable tolling. Rather, "the § 405(g) limitations period has been tolled *only* in cases of some administrative malfunction that hinders a claimant's ability to pursue his rights." *Shellman v. Colvin*, No. 2:14cv382, 2015 WL 721621, at *1 (E.D. Va. Feb. 18, 2015) (internal citations omitted). Furthermore, even if the statute of limitations could be tolled based on Ms. Gregory's medical challenges, courts within this District have concluded that such issues "are insufficient to warrant such tolling" where the plaintiff has not alleged that he or she suffered from the exacerbation of his or her symptoms during the sixty-day limitations period or has not "alleged how such impairments prevented [the plaintiff] from timely filing a complaint with this Court." *Id.* Ms. Gregory has alleged neither.

If Ms. Gregory believes that the new information submitted demonstrates that her condition has worsened to the point that she qualifies for a finding of a disability as to the period after the administrative decision, Ms. Gregory is encouraged to file a new application for benefits. 20 C.F.R. § 416.330(b) provides: "If [an applicant] first meet[s] all the requirements for eligibility after the period for which [the] application was in effect, [the applicant] must file a new application for benefits." *See also Horne v. Berryhill*, No. 1:15cv902, 2017 WL 1155053, at *1 (D.S.C. March 27, 2017) (regarding new evidence presented by a claimant that related to

the period after the administrative determination, the claimant "remains free to present the evidence in a new administrative application as to the later time period"); *J.M. by Nunley v. Berryhill*, No. 2:15cv475, 2017 WL 570710, at *10 (E.D. Va. Feb. 13, 2017) (denying a plaintiff's request to consider new evidence because the evidence was not relevant to the determination of disability at the time the application was filed, but noting that the plaintiff could file a new application for benefits if she believed that the ALJ would now find a disability); *Goodshield v. Colvin*, No. 8:14-1809-MGL-JDA, 2015 WL 5009243, at *13 n.13 (D.S.C. Aug. 19, 2015) (denying a plaintiff's request to consider new evidence because she did not explain her failure to present the evidence to the ALJ, or explain how the new evidence related back to the relevant time period and how the new evidence compelled remand, but noting that the plaintiff could file a new application for benefits if she believed that her functional abilities to work had deteriorated since the ALJ's decision).

IV. CONCLUSION

Following this Court's *de novo* review of the R&R filed on March 26, 2018, and consideration of the objections filed thereto, and finding no errors, the Court ADOPTS AND APPROVES in full the findings and recommendations set forth in the R&R. ECF No. 13. Accordingly, the Commissioner's Motion to Dismiss (ECF No. 7) is GRANTED and this case is DISMISSED WITH PREJUDICE.

The parties are ADVISED that an appeal from this Final Order may be commenced by forwarding a written notice of appeal to the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510. This written notice must be received by the Clerk within sixty days from the date of this Final Order.

The Clerk is REQUESTED to forward a copy of this Order to all parties.

IT IS SO ORDERED.

_May 14th_, 2018  
Norfolk, Virginia

/s/ _____  
Arenda L. Wright Allen  
United States District Judge